IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DFW AUTO & SERVICES, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **ARCH INSURANCE COMPANY,** | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff, DFW AUTO & SERVICES, INC., files this Original Complaint and would show:

### PARTIES

1. Plaintiff, DFW Auto & Services, Inc., is a corporation registered in and doing business as a citizen of Texas and resident of Tarrant County, Texas.

2. Defendant, Arch Insurance Company, is an New Jersey company (incorporated in and principal place of business in Jersey City, NJ) doing business in Texas. According to the Texas Department of Insurance, Arch may be served with process through its registered agent, Corporation Service Company, at 211 E. 7th St., Ste 620, Austin, TX 78701-3218.

### JURISDICTION AND VENUE

3. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). Arch is a foreign citizen of Ohio. DFW Auto is a citizen of Texas. An actual controversy exists which arises from damage to DFW Auto's real and personal property. The matter in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to this action occurred in this Court's judicial district and the Property at issue is located in the Court's juridical district.

## FACTUAL BACKGROUND

5. DFW Auto and Arch Insurance entered into an insurance contract identified as ANC 000 7225-00 (the "Policy") to insure the real and personal property located at 6801 Randol Mill Rd., Fort Worth, TX 76120

6. On or about April 27, 2020, the covered property was damaged by a catastrophic hailstorm. DFW Auto promptly reported a claim to Arch Insurance. Arch Insurance assigned claim number 000013478410 and retained Sedgwick to perform an investigation of the claim. Sedgwick retained Nelson Engineering to perform an inspection of the Property, which was conducted on June 22, 2020.

7. Since that time, Arch Insurance has refused to respond to repeated requests from the insured, its public adjuster, and its counsel, to provide an update regarding the status of the claim. On December 16, 2020, counsel for DFW Auto sent to Sedgwick and Arch Insurance a request that they release a copy of the engineering report and demanding that they provide an update as to the status of the claim on or before January 4, 2021. Arch Insurance refused to timely respond.

8. On February 17, 2021, counsel for DFW Auto mailed a Texas Insurance Code 542A compliant demand letter detailing Arch Insurance's violations of the Texas Insurance Code to the insurer and sent a copy to Mohd Alhajeid on behalf of DFW Auto. The letter detailed the allegations contained herein and the insufficiency of Arch Insurance's investigation.

9. Arch Insurance continues to refuse to pay the amounts owed under the Policy in breach of the insurance contract and its common law and statutory obligations.

## CAUSES OF ACTION

10. **Breach of Contract.** DFW Auto incorporates the allegations of paragraphs 5-9 the same as if fully set forth herein. DFW Auto and Arch Insurance entered into an insurance contract identified as the Policy. DFW Auto complied with all provisions of the insurance policy, including but not limited to payment of the premiums. Arch Insurance breached a material provision of the contract by refusing to pay covered damages owed under the Policy for damage to the Building. DFW Auto was damaged by Arch Insurance's breach.

11. **Violations of the Texas Insurance Code.** DFW Auto incorporates the allegations of paragraphs 5-9 the same as if fully set forth herein. Arch Insurance failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the claims when liability was reasonably clear in violation of Texas Insurance Code Section 541.060(a). Specifically, Arch Insurance:

   a. Failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

   b. Failed to promptly provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of the claim;

   c. Failed within the deadlines required under Texas Insurance Code chapter 542 to affirm coverage of the claim; and

   d. Refused to pay the claim without conducting a reasonable investigation with respect to the claim.

12. These Unfair Settlement Practices caused direct damages, including the loss of Policy benefits and independent injuries to DFW Auto which would not have been incurred absent Arch

Insurance's actions and omissions. DFW Auto is entitled to treble damages, court costs, and its attorney's fees pursuant to Texas Insurance Code section 541.152.

13. Further, Arch Insurance committed violations of Texas Insurance Code chapter 542, running from, at the latest, the date of its refusal to timely respond to requests for information on December 16, 2020 by:

a. Failing to, within 15 days (or 30 days for a surplus-lines insurer), request from DFW Auto all items, statements, and forms that the insurer reasonably believes would be required, including information regarding construction of the roofing system and a sworn proof of loss (542.055);

b. Failing to pay amounts due within 5 business days (or 20 business days for a surplus-lines insurer) of receipt of the information necessary to pay the claim (542.057); and

c. Failing to pay the claim in whole within 75 days (90 days for a surplus-lines insurer) after notice of the claim (542.058).

14. Under Texas Insurance Code 542.060, DFW Auto is entitled to a 10.5% per annum penalty on the entirety of the amounts due under the Policy, starting at the earliest violation of chapter 542, as well as its attorney's fees and court costs.

## ATTORNEY'S FEES

15. **Attorney's Fees.** As a result of Arch Insurance's failure to pay the amounts due and owing under the policy, DFW Auto retained the undersigned counsel. DFW Auto agreed to pay the undersigned counsel a reasonable fee. DFW Auto is entitled to recover reasonable and necessary attorney's fees incurred in the prosecution of this action under Texas Civil Practice & Remedies Code chapter 38 and Texas Insurance Code sections 541.152 and 542.060.

## JURY DEMAND

16. **Jury Demand.** DFW Auto requests a jury.

## PRAYER

17. DFW Auto prays that Arch Insurance be cited to appear and answer herein and upon hearing that DFW Auto recover judgment against Arch Insuranced for the following:

    a. Actual damages;

    b. Attorney's fees for services rendered and that are allowed by law;

    c. Post-judgment interest and costs;

    d. Treble damages and exemplary damages as allowed by law;

    e. Penalties and interest as allowed by law; and

    f. All other relief to which Plaintiff may show itself entitled in law or in equity.

Respectfully Submitted,

/s/ Benjamin D. Doyle
BENJAMIN D. DOYLE
State Bar No.: 24080865
**STOCKARD, JOHNSTON BROWN & NETARDUS, P.C.**
P.O. Box 3280
Amarillo, Texas 79116-3280
(806) 372-2202 - Telephone
(806) 379-7799 - Fax
bdoyle@sjblawfirm.com
**ATTORNEYS FOR PLAINTIFF**